### PEOPLE *ex rel.* HASBROUCK *v.* BOARD OF CANVASSERS OF DUTCHESS COUNTY.

*(Supreme Court, General Term, Second Department. March 26, 1892.)*

1. PEREMPTORY MANDAMUS—NOTICE.
    A peremptory writ of *mandamus* to a board of canvassers of election returns, issued without notice to the board, must be quashed, under Code Civil Proc. § 2070, requiring notice of application for such writ to be given to the judge, corporation, board, or other body or officer to whom it is directed.
2. ELECTIONS—CANVASSING VOTES—EXCLUDING MARKED BALLOTS.
    Laws 1891, c. 296, (Ballot Reform Law,) § 35, prohibits the marking of the official ballot or paster by the voter or any other person. *Held*, where marks appear on such ballots, that the intent with which such mark was placed there cannot be proved by examining the individual voters; but where it appears that a conspiracy has been established to defraud, and some ballots containing a specified mark are shown to have been cast in pursuance of such conspiracy, all ballots containing such mark should be excluded from the count.

Appeal from special term, Dutchess county.

Application by the people of the state of New York on the relation of Frank Hasbrouck for a peremptory writ of *mandamus* to compel the board of canvassers of Dutchess county to recount the votes cast for county treasurer at the general election held in Dutchess county, November 3, 1891. The board in counting the vote rejected 18 ballots, from each of which the name of a particular candidate had been erased, and another name (that of the voter) inserted instead, as a means of identifying the voter, in violation of Laws 1891, c. 296, (Ballot Reform Law,) § 35, which, for the purpose of preserving the secrecy of the ballot, prohibits the voter or other person from marking the ballot, or ballot paster, in any way. Other votes marked in other ways were also excluded by the board. But for the votes thus excluded, relator, who was a candidate, would have been elected county treasurer. The writ was denied, and relator appeals. Affirmed.

Argued before DYKMAN and PRATT, JJ.

*Frank Hasbrouck, in pro. per.,* (*Horace D. Hufcut,* of counsel,) for relator. *Schlosser & Wood,* for respondent.

PRATT, J. It is a sufficient answer to this appeal that the order appealed from was right, because the peremptory writ of *mandamus,* which was dismissed, was issued without notice. Section 2070 of the Code, which gives the authority for granting a peremptory writ of *mandamus,* provides that such a *mandamus* can be granted only upon notice given to the judge, corporation, board, or other body or officer to whom it is directed. That section of the Code also contains this provision: "Except as described in this section, or by special provision of law, a peremptory writ of *mandamus* cannot be issued until an alternative *mandamus* has been issued and duly served, and the return-day thereof has elapsed." We think, however, that the quashing of the writ was right upon the merits, even had it been regularly issued upon notice. Section 31, c. 296, Laws 1891, as amended, provides the manner in which the inspectors and canvassers should perform their duties, among other things, as follows: "When an inspector of election or other election officer or duly-authorized watcher shall, during the canvass of the votes, or immediately after the completion thereof, declare his belief that any particular ballot or paster affixed thereto has been written upon or marked in any way with the intent that the same may be identified, the inspectors shall write their names on the back thereof, and attach it to the original certificate of canvass, and include in said certificate a statement of the specific grounds upon which the validity of such ballot is questioned. When the votes are to be estimated and the result declared by a board of county canvassers or other officers performing similar duties, such board or officers shall mention separately in the statement or certificate of canvass the number of votes thus questioned which were cast for each candidate, and the specific grounds upon which the same are claimed to be invalid, as set forth in the original certificate of canvass. Such ballots shall be counted in estimating the result of an election. But within thirty days after the filing of the certificate declaring such result, a writ of *mandamus* may issue out of the supreme court against the board of canvassers, or officers acting as such board, by whom the ballots were counted, upon the application of any candidate voted for at the election to require a recount of the votes, and all questions relating to the validity of such ballots, and as to whether they were properly counted, shall be determined in such proceeding. All such ballots shall be preserved for at least one year, and until the questions raised by such writ shall be finally determined. Election boards and boards of canvassers shall be continued in existence for the purposes of such proceedings." There are two reasons why a long discussion need not be indulged upon this statute: *First,* because the order must be affirmed upon the ground first stated herein; and, *second,* because the law has been fully discussed and construed in the court of appeals in the late election cases. To my mind, as to the 18 ballots in East Fishkill, the evidence was sufficient to establish a conspiracy for the purposes of committing a fraud in casting of ballots; but what evidence shall be satisfactory proof that any one ballot was bought or cast in fraud of the law is a difficult subject to which to apply any cast-iron rule, as the circumstances must differ in each case; but where a conspiracy is established to defraud, and some ballots containing a certain specified mark are shown to have been cast in pursuance of such conspiracy, it seems to me that all ballots containing such specified mark ought to be thrown out of the count. It is utterly impracticable to prove an intent of each individual voter, except by the voter himself, and such evidence cannot be compelled, as that would require him to testify to his own dishonesty. The law is therefore, under such a construction, nugatory. Order affirmed.